Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FELIX S., <br><br> Petitioner, <br><br> v. <br><br> THOMAS DECKER, et al., <br><br> Respondents. | Civil Action No. 20-1414 (ES) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

At the time of filing, petitioner Felix S. ("Petitioner") was detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Bergen County Jail in Hackensack, New Jersey. On February 19, 2020, Petitioner filed the instant amended petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention during his removal proceedings. (D.E. No. 21, Amended Petition ("Am. Pet")). For the reasons stated below, the Court will grant the Amended Petition.

**I.  BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic. (D.E. No. 22, Respondent's Answer ("Answer"), Ex. A, Notice to Appear). He became a lawful permanent resident on November 6, 2001. (Answer, Ex. B, September 24, 2019 IJ Decision). Petitioner was convicted of the crime of Forgery in the second degree on January 19, 2016 the State of New York. (*Id.*). He was sentenced to a term of imprisonment of 2 to 4 years. (*Id.*). Petitioner was convicted of the crime of criminal possession of stolen property in the third degree on or about January 19, 2016

in the State of New York. (*Id.*). For this offense, he was sentenced to a term of imprisonment of 2 to 4 years. (*Id.*). Petitioner was convicted of possession of forged instrument in the third degree on or about May 12, 2014 in New York City. (*Id.*).

Petitioner was detained by ICE on February 11, 2019 and served with a Notice to Appear ("NTA") charging him as removable pursuant to sections 237(a)(2)(A)(ii) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (Answer, Ex. A, NTA). On February 25, 2019, Petitioner appeared for a master calendar hearing before an Immigration Judge ("IJ"). (Answer, Declaration of Elizabeth Burgus ("Burgus Decl.") ¶ 3). The hearing was adjourned to March 19, 2019 to allow Petitioner time to seek representation. (*Id.*). On March 19, 2019, Petitioner appeared with counsel for a master calendar hearing. (*Id.* at ¶ 4). The hearing was adjourned to April 10, 2019 at the request of Petitioner. (*Id.*) On April 10, 2019, Petitioner, through counsel, admitted to certain factual allegations of the NTA and deferred to the immigration court regarding the charges of removability. (Answer, Ex. B, IJ Decision at 2). The IJ sustained all the factual allegations and charges of removability and designated the Dominican Republic as the country of potential removal. (*Id.*) Petitioner filed an application for withholding of removal and protection under Article III of the United Nations Convention Against Torture. (*Id.*)

The individual hearing on Petitioner's applications for relief was scheduled for June 7, 2019. (Answer, Burgus Decl. ¶ 5). The hearing was adjourned to June 26, 2019 by the immigration court. (*Id.*). On June 26, 2019, the IJ adjourned the individual hearing to August 16, 2019 due to a quarantine at Petitioner's detention facility for mumps. (Am. Pet. ¶ 31). On August 16, 2019, the IJ conducted a merit hearing and reserved decision. (Answer, Burgus Decl. ¶ 8). On September 24, 2019, the IJ issued a written decision denying Petitioner's application for relief and ordered him removed to the Dominican Republic. (Answer, Ex. B, IJ Decision). On

2

October 7, 2019, Petitioner filed an appeal of the IJ's decision with the BIA, which remains pending. (Answer, Burgus Decl. ¶ 10).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

### B. Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; . . . .

8 U.S.C. § 1226(a)(1)–(2).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

The Attorney General shall take into custody any alien who—

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Here, both parties agree that Petitioner is detained pursuant to § 1226(c) because his appeal remains pending before the BIA. *See* 8 C.F.R. § 1241.1(a) (order of removal becomes final upon final decision on appeal by BIA).

In *Demore v. Kim*, the Supreme Court determined that § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process."

538 U.S. 510, 513 (2003). In reaching this conclusion, the court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the BIA, detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the court found the statute constitutional, it rejected the petitioner's challenge even though the petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*, detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

In *Diop*, the Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c). 656 F.3d at 223–26. The Third Circuit held that "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized that *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the petitioner's detention had been "significantly longer than the average." *Diop*, 656 F.3d at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit thus interpreted § 1226(c) to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry"—the statute "yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose." *Id.* at 233 & 235.

5

In *Chavez–Alvarez*, the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. 783 F.3d at 475. The Third Circuit further held that, absent bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. As in *Diop*, the Third Circuit again emphasized the "use of a balancing framework [that] makes any determination on reasonableness highly fact-specific." *Id.* at 474.

In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that 1226(c) did not authorize prolonged detention without a bond hearing. 138 S.Ct. 830 (2018). Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078–85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded the case for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention becomes prolonged. *Id.* at 842–47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726, at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See*

*Dryden v. Green*, 321 F.Supp.3d 496, 501 (D.N.J. 2018) (finding that as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)). Courts in this district have found that "the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*." *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) ("Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause.") (internal citations and quotation marks omitted).

Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436,

7

2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on the petitioner's part warranted a bond hearing where the petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal).

Here, Petitioner has been detained for almost 14 months and argues that his continued detention under § 1226(c) without a bond hearing violates his due process rights. (Am. Pet. at 22–25). Respondents acknowledge that Petitioner may still make an as-applied challenge to his prolonged detention, but argue that Petitioner "cannot meet his burden of showing that his detention has become unconstitutional as applied to him merely due to the length of his appeals process, particularly when there has been no indication that his detention has become inconsistent with the purpose of 8 U.S.C. § 1226(c)." (Answer at 8).

As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See*, *e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Malcolm A. H. v. Green*, 403 F. Supp. 3d 398, 402 (D.N.J. 2019) (14 months); *Aneury R.T.M. v. Green*, No. 18-14908, 2019 WL 3543670, at *3 (D.N.J. Aug. 5, 2019) (16 months); *Oscar B. v. Warden*, *Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *De Oliveira Viegas v. Green*, 370 F. Supp. 3d 443, 449 (D.N.J. 2019) (15 months).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for nearly 14 months, several months

beyond the one-year discussed in *Chavez-Alvarez*. Having undertaken the fact sensitive inquiry as delineated in *Diop/Chavez-Alvarez*, the Court finds that Petitioner's nearly 14 month detention in correctional facilities, with no evidence or even allegation of Petitioner's bad faith in his underlying immigration proceedings, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. *See K.A*, 2018 WL 3742631, at *4; *Leslie*, 678 at 271 ("[t]o conclude that Leslie's voluntary pursuit of such challenges renders the corresponding increase in time of detention reasonable, would effectively punish Leslie for pursuing applicable legal remedies . . . .").

That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases).[1]

## III. CONCLUSION

For the foregoing reasons, the Petition is granted. An appropriate Order follows.

<u>s/ Esther Salas</u><br>
**Esther Salas, U.S.D.J.**

---

[1] Petitioner has requested the Court order that, at the bond hearing before the IJ, "DHS must demonstrate by clear and convincing evidence that an individual presents a risk of flight or a danger to the community." (Am. Pet. ¶ 71). The Court declines to specifically require such. Petitioner has pointed to no binding authority determining the standard to be used, including *Guerrero-Sanchez*, which only addressed a bond hearing when an individual is detained pursuant to § 1231. As stated by the court in *K.A.* when considering this question on reconsideration, "[t]he Third Circuit has not yet required the clear and convincing evidence standard for bond hearings ordered for those held under § 1226(c). . . . At the time Petitioner was granted a bond hearing, that standard was not required, and it has not been required through to the present day for § 1226(c) detainees." *K.A. v. Green*, No. 18-3436, 2018 WL 6003541, at *2 (D.N.J. Nov. 14, 2018).